FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 14 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RAUL RODRIGUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>A.M. GONZALEZ, Warden,<br><br>    Respondent. | Case No. EDCV 14-02271 JVS (AN)<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |

## 1. BACKGROUND

Before the Court is a "Notice of Appeal," brought by Raul Rodriguez ("Petitioner"). On November 5, 2014, the clerk's office filed this Notice of Appeal as a habeas petition pursuant to 28 U.S.C. § 2254 even though the Notice of Appeal purports to seek a certificate of appealability ("COA") from the Ninth Circuit Court of Appeals, not habeas relief under § 2254. Petitioner asserts that the COA should issue because an unidentified petition was wrongly denied based upon unidentified findings and recommendation issued by a Magistrate Judge. Further, Petitioner's Notice of Appeal attaches exhibits but raises no claims challenging a state judgment of conviction.

///

## 2. DISCUSSION

Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citations and quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Susan B. Anthony List v. Driehaus*, --- U.S. ---, ---, 134 S. Ct. 2334, 2341 (2014) (*citing* U.S. CONST. art. III, § 2, cl. 1.). In the § 2254 context, the underlying "controversy" for Article III purposes is whether Petitioner "is entitled to federal habeas relief setting aside his sentence or conviction obtained in the California courts." *Calderon v. Ashmus*, 523 U.S. 740, 746, 118 S. Ct. 1694 (1998); *see also* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Here, the Court finds that it lacks subject matter jurisdiction over the purported petition because it does not raise any cognizable claims challenging Petitioner's underlying conviction or sentence. As such, the purported petition fails to present a case or controversy. *Calderon*, 523 U.S. at 746; *see also Smith v. Warden*, No. EDCV 08-1684 VBF (RZ), 2008 WL 5103207, at *1-2 (C.D. Cal. Dec. 1, 2008) (cited pursuant to 9th Cir. R. 36-3) (court lacked subject matter jurisdiction to entertain state inmate's request for tolling because the inmate had not filed a habeas petition, and therefore, had "not properly initiated a 'case' or 'controversy.'"); *Grissom v. Barnes*, No. CV 13-3593 SJO (SS), 2013 WL 3053059, at *1 (C.D. Cal. June 14, 2013) (also cited pursuant to 9th Cir. R. 36-3) (a motion which raised no claims for habeas relief failed to satisfy the case or controversy requirement of Article III).

///

Because the Court lacks subject matter jurisdiction, this action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

### 3. CONCLUSION

For the reasons discussed above, the Court finds that it lacks jurisdiction. Consequently, the reference to the Magistrate Judge is vacated and this action is summarily dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3). Any and all other pending motions are denied as moot.

DATED: November 14, 2014

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge

3